```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

SHIRLEY DELOACH,                :    NO. 1:04-CV-00207
                                :
      Plaintiff,                :
                                :    **OPINION AND ORDER**
   v.                          :
                                :
ISLAND DENTAL CO., INC.,        :
                                :
      Defendant.                :

This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 20), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (doc. 24), and Defendant's Reply Memorandum in Support of Summary Judgment (doc. 26).

**I.  Background**

In this age discrimination case, Plaintiff Shirley DeLoach ("DeLoach"), a sixty-two-year-old administrative assistant, alleges she lost her job to a thirty-two-year-old replacement, Jennifer Hopman ("Hopman"). The basic facts are as follows. Before starting her job with Defendant Island Dental, on March 18, 2002, DeLoach worked for more than thirty-five years as an administrative coordinator/assistant, including several years with Sullivan-Schein, a dental supply company (doc. 24). During her employment with Sullivan-Schein, DeLoach worked for William Bigham ("Bigham[1]"). Bigham left Sullivan-Schein and became the first

---

[1]The Court notes the different spellings of William Bingham/Bigham's name in Defendant's Motion for Summary Judgment (doc. 20) and in Plaintiff's Memorandum in Opposition to

branch manager for Defendant's Cincinnati branch, which opened in early 2002 (Id.). Bigham recruited Plaintiff, to work with him at the Cincinnati branch, and Geoffrey Reichardt, Mr. Bigham's boss, approved the decision (Id.).

Plaintiff received a positive performance evaluation from Bigham in fall of 2002, six months after she started working with Defendant (Id.). That evaluation was lost or destroyed by Defendant, which contests its relevance (Id.). Defendant provided Plaintiff with computer data entry training for her job within the first five months of her employment, and the parties dispute the outcome of such training (Id.). Plaintiff argues the training was so poorly conducted that Reichardt apologized to her about it (Id.). Defendant argues the training was adequate, but that Plaintiff just could not grasp the data entry work, which was an integral aspect of part of Plaintiff's responsibility as service coordinator (doc. 26). According to Defendant, it became necessary in December 2002, to hire Hopman "to fill the gap created by Ms. DeLoach's difficulties with the data entry system" (Id.).

In the first quarter of 2003, Defendant claims that a reduction in force was necessary company-wide (doc. 20). Reichardt reviewed with Bigham what could be done to reduce costs at the Cincinnati branch (Id.). Ultimately, On March 13, 2003, Defendant

---

Defendant's Motion for Summary Judgment (doc. 24). The Court adopts the spelling "Bigham" for consistency.

terminated the employment of two Cincinnati branch employees: Plaintiff and Jessica Doane, the lowest performing salesperson, who was in her early twenties. (Id.).

Defendant states that Mr. Bigham agreed with Mr. Reichardt's assessment that Ms. Hopman was a better choice to retain than Plaintiff (Id.). Plaintiff, however, proffers deposition testimony of Bigham, which indicates Bigham was shocked by the decision, and he had to compose himself before breaking the news to Plaintiff (doc. 24). According to Plaintiff, other than the data entry issue, which could have been resolved with proper training, she was more qualified than Hopman, who was her subordinate (Id.).

Plaintiff argues that subsequent to her dismissal Defendant has changed its reasons for terminating her (doc. 24). Plaintiff argues that Defendant first proffered written discipline in February 2003, which was an attempt to "paper trail" her with a drummed up reprimand (Id.). Plaintiff argues that Defendant has now completely dropped this justification in its motion for summary judgment, and focuses on the data entry issue (Id.). Plaintiff argues Hopman received superior data entry training to herself, such that this justification lacks merit (Id.). Plaintiff argues the termination decision was made by Reichardt, who never saw her day-to-day performance, and who did not seek out Bigham's recommendation as branch manager about who to terminate (Id.).

Plaintiff argues that failing to seek the branch manager's recommendations regarding hiring and firing is contrary to company practice (Id.). Plaintiff argues that Bigham thought that she was the only person who could perform the office manager functions effectively, and that with proper training, she could have become effective with data entry (Id.). For these reasons, Plaintiff argues there is sufficient evidence for a reasonable jury to conclude that she was a victim of age discrimination at the hands of Island Dental (Id.).

Plaintiff brought her two-Count Complaint on March 18, 2004, alleging violations of (1) the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 623, and (2) Ohio Revised Code §§ 4112.14 and 4112.99. Defendant filed its Motion for Summary Judgment on June 1, 2005, arguing that Plaintiff's termination was based on a necessary reduction in force, and that Plaintiff could not perform like her counterpart who was not selected (doc. 20). Defendant argues that because Plaintiff cannot demonstrate a prima facie case for age discrimination or show pretext, her claims for age discrimination must fail as a matter of law (Id.).

**II. The Summary Judgment Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

4

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by

5

merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of *material* fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive

6

summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the

Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Discussion**

Plaintiff brings her claim under the ADEA and its Ohio state law counterpart, O.R.C. § 4112.14. Under the ADEA, an employer is prohibited from discriminating against employees on the basis of age. 29 U.S.C. § 623(a). Similarly, under Ohio law, an employer is prohibited from discharging "without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." O.R.C. § 4112.14(A). Under both statutes, plaintiffs may assert a prima facie case through the presentation of either direct or indirect evidence. Allen v. Ethicon, Inc., 919 F. Supp. 1093, 1098 (S.D. Ohio 1996). In many cases, evidence of direct discrimination can be difficult to produce, so the law allows a plaintiff to raise an inference of discrimination through circumstantial evidence. McDonnell Douglas v. Green, 411 U.S. 792 (1973).

In the case at hand, Plaintiff DeLoach does not proffer direct evidence of age discrimination, and therefore the Court must evaluate Plaintiff's circumstantial evidence to determine whether she has established a prima facie case of age discrimination.

8

Plaintiff can do so by showing she has met the four prongs of the McDonnell Douglas test: (1) she is age forty or older, (2) she was subject to an adverse employment decision, (3) she was qualified for her position, and (4) she was replaced by someone outside the protected class. Policastro v. Northwest Airlines, Inc., 297 F.3d 535, 538-39 (6th Cir. 2002). The prima facie case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Furnco Construction Corp. v. Waters, 438 U.S. 567, 577 (1978). Where work force reductions are a factor in the decision the plaintiff must provide "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons" to satisfy the fourth prong of the McDonnell Douglas test. Barnes v. Gencorp, Inc., 896 F.2d 1457, 1465 (6th Cir.) cert. denied, 498 U.S. 878 (1990).

Circumstantial evidence "is proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 570 (6th Cir. 2003). A plaintiff can satisfy the forth prong of the McDonnell Douglas test by showing she was replaced by a person of the non-protected class, or by showing a comparable non-protected person was treated better than the plaintiff. Mitchell v. Toledo Hosp.

9

964 F.2d 577, 582-83 (6th Cir. 1992).

Island Dental argues the evidence weighs against a finding of age discrimination because DeLoach was sixty-two years old when she was hired to work at Island Dental (Id.). Additionally, Defendant argues the same individuals that hired DeLoach made the decision to terminate her employment, and therefore it is entitled to the same-actor inference in its favor (Id.). Third, Island Dental points out a lack of statistical evidence in support of Plaintiff's claim, as evidenced by the fact that the other employee terminated at the same time as DeLoach was in her early twenties (Id.).

In response, Plaintiff argues first that she was more qualified than Hopman (doc. 24). As evidence for this proposition, Plaintiff states Bigham hired DeLoach before Hopman, when he had worked with them both in the past, because he thought DeLoach was more qualified (Id.). Deloach further argues Bigham felt more comfortable leaving her in charge of the branch when he was absent, and she was granted "executive" responsibility that Hopman was not granted (Id.).

Plaintiff also contends that Island Dental demonstrated age bias by providing effective computer training to Hopman while providing DeLoach with inferior training (Id.). DeLoach asserts her training was provided after she had initially struggled with the system, in a highly distracting environment, without a manual

10

to reference, and without answers to her questions (Id.). In contrast, DeLoach argues Hopman's training was effective because it was individualized, with a manual, and in a closed office (Id.). DeLoach further argues it is a commonly held stereotype that older employees are unable to learn computer related skills, and suggests this stereotype may have been a part of the decision to retain Hopman over DeLoach (Id.).

DeLoach further alleges that Defendant failed to follow its standard practice of consulting with the branch manager, Bigham, about who to retain and who to terminate (Id.). DeLoach argues a reasonable jury could conclude Island Dental wanted to avoid Bigham's input because the company had already decided the outcome it wanted based on unlawful age discrimination (Id.). Additionally, DeLoach argues Island Dental lost a positive performance evaluation that should have been in her employment record, and that "loss" supports the inference that the evaluation would have been helpful to DeLoach in proving her case (Id. citing Banks v. Canton Hardware Co., 156 Ohio St. 453 (Ohio 1952)). Finally, Plaintiff argues the Court must infer Island Dental had an illicit motive for requiring DeLoach to release all claims against the company to obtain severance payment (Id. citing Srail v. RJF International Corp., 126 Ohio App. 3d 689 (Ohio App. 8th 1998)).

In reply, Defendant Island Dental argues a plaintiff's perception of her own competence and the incompetence of others is

11

irrelevant and cannot defeat a summary judgment motion (doc. 26 citing <u>Wrenn v. Gould</u>, 808 F.2d 493, 502 (6th Cir. 1987)).  Island Dental argues DeLoach's skills in office administration are irrelevant because Island Dental made its termination decision based on proficiency in the computer data entry system (<u>Id</u>.).  Further, Island Dental argues that although DeLoach was hired before Hopman, Hopman was hired to fill the service coordinator function DeLoach was not able to grasp (<u>Id</u>.).  According to Defendant, DeLoach actually received more formal training on the computer than Hopman because DeLoach received initial training in Cincinnati, additional training in Florida, and continuing support after the training (<u>Id</u>.).  Defendant Island Dental also asserts there is no evidence the company assumed DeLoach could not learn to use the computer system, and the company worked with DeLoach to attempt to resolve her difficulties with the computer (<u>Id</u>.).  Defendant claims, in response to Plaintiff's argument that Island Dental circumvented Mr. Bigham's input on the termination decision, that Mr. Bigham would have kept Hopman instead of DeLoach (<u>Id</u>.).  Defendant also argues the lost performance evaluation is irrelevant because the performance evaluation covers a period of time before Hopman was hired (<u>Id</u>.).  Finally, Defendant argues Federal Rule of Evidence 408 bars admission of an offer to compromise for the purpose of proving liability (<u>Id</u>. citing <u>Swan v. Interstate Brands Corp.</u>, 333 F.3d 863, 864 (8th Cir. 2003)).

12

Having reviewed this matter, the Court finds adequate circumstantial evidence to support Plaintiff's prima facie case. Clearly Plaintiff was over forty and suffered an adverse employment action. A reasonable jury could find that she was qualified for her position based on her many years of experience in the field, the prior positive performance evaluation that was lost, the fact she was recruited for the job, and the portions of Bigham's testimony showing his trust and confidence in Plaintiff. Although Defendant disputes Plaintiff's qualification in the area of computer data entry, a reasonable jury could conclude that Plaintiff was offered training that did not equate the quality of the training offered Ms. Hopman. The Court finds therefore, that Plaintiff has raised a genuine issue of material fact as to her objective qualification for her position at Island Dental. Wexler v. White's Fine Furniture, 317 F.3d 564, 575-76 (6th Cir. 2003). The Court further finds that Plaintiff has raised a genuine dispute of material fact as to whether she was replaced by someone outside the protected class. Plaintiff, contrary to Defendant's assertion, has done more than subjectively argue that she was more qualified than Ms. Hopman, the thirty-two year old who assumed her job responsibilities. A reasonable jury could infer from Bigham's testimony that he would have chosen Plaintiff to stay on board, as opposed to Hopman. Bigham knew both Plaintiff and Hopman prior to hiring them, and hired Plaintiff first. Bigham gave Plaintiff a

13

positive evaluation that later disappeared. Plaintiff worked for Defendant for just under a year, so it is hard to imagine how an evaluation completed during any point in the year could not be relevant, contrary to Defendant's assertion. Plaintiff has shown that Bigham was only very marginally consulted, if really at all, about the termination decision, and a reasonable jury might conclude that Reichardt took an end-run around Bigham in order to discharge Plaintiff. It is precisely for this reason that the Court does not find the "same actor" inference applicable to this case.[2] Plaintiff's lack of statistical evidence, and the fact that Defendant terminated a younger employee with different job responsibilities is in no way fatal to Plaintiff's case. For all of the above reasons, the Court concludes that a reasonable jury could conclude that Plaintiff has established a prima facie case of age discrimination.

Once a prima facie case has been established, the defendant must articulate a legitimate, non-discriminatory reason for the employment decision. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Once the defendant has met this burden, the plaintiff must be afforded an opportunity "'to prove by a preponderance of the evidence that the legitimate reasons offered

---

[2] The "same actor" inference allows one to infer a lack of discrimination in the case where the same person both hired and fired the employee. Burhmaster v. Overnight Transportation Co., 61 F.3d 461 (6th Cir. 1995).

14

by the defendant were not its true reasons, but were a pretext for discrimination.'" <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 143 (2000) (quoting <u>Burdine</u>, 450 U.S. at 253). The plaintiff may demonstrate the pretextual nature of the offered reason for the employment decision by establishing (1) that the proffered reason had no basis in fact, or (2) the proffered reasons did not actually motivate the discharge, or (3) the proffered reasons were insufficient to motivate discharge. <u>Manzer v. Diamond Shamrock Chem Co.</u>, 29 F.3d 1078, 1084 (6th Cir. 1994).

Defendant Island Dental argues its legitimate, non-discriminatory reason to terminate Plaintiff was an economically required reduction in force across all Island Dental branches (doc. 20). Defendant argues it made its decision about who to retain based on performance(<u>Id</u>.). According to Island Dental, Hopman was the clear choice because she was the stronger performer with the computer (<u>Id</u>.).

In response, Plaintiff DeLoach argues, assuming a company wants to retain its most qualified workers, it is reasonable for a jury to conclude Island Dental should have kept DeLoach based on her superior qualifications (doc. 24). DeLoach also argues Island Dental demonstrated it had already reached a conclusion about who to keep, and fixed the facts around that conclusion, by not involving Bigham in the reduction-in-force decision (<u>Id</u>.). Finally, DeLoach argues Island Dental has changed its articulated reason for

15

discharging an employee, and that alone is enough to support the conclusion the articulated reason is a pretext (Id. citing Tinker v. Sears, Roebuck & Co., 127 F.3d 519, 523 (6th Cir. 1997)).

In reply, Defendant Island Dental claims DeLoach's opinion regarding her qualifications is irrelevant to a business decision of whether she was qualified (doc. 26). Island Dental also argues the reason for terminating DeLoach's employment has remained consistent (Id.).

Plaintiff has the burden to show by a preponderance of the evidence that Defendant's explanation for her termination, a reduction in force, is merely a pretext for her termination. The Court finds Plaintiff has done so by showing Defendant's shifting articulated reasons for her termination. In Tinker, an automotive technician provided a collection of statements from superiors regarding the reasons for his termination. 127 F.3d at 523. The supervisors gave various reasons for Tinker's termination including: working without a work order, working without proper authorization and for not filing follow-up paperwork, and suspicion of defrauding his employer by providing free labor. Id. The Sixth Circuit found the inconsistency in the testimony raised a genuine issue of material fact. Id. Here, in Defendant's letter of November 21, 2003, Island Dental submits its position statement regarding the termination of DeLoach (doc. 24). In the letter, Island Dental places a large emphasis on DeLoach's written and

16

verbal warnings about poor job performance (Id.). The letter does not mention DeLoach's alleged inability to learn the computer data entry system, which in its current motion, serves as the crux of Defendant's argument that Plaintiff was less qualified than Hopman.

Defendant attempts to rebut the proposition of a changed position by stating Island Dental has always maintained that it fired DeLoach because of the reduction in force (doc. 26). Defendant then argues the written warning issued to DeLoach was a part of the basis for concluding Hopman was a stronger performer between Hopman and DeLoach (Id.). However, a reasonable fact finder could conclude the difference between the Defendant's position statement and the Defendant's Motion for Summary Judgment (doc. 20) are a change in position, and the reason offered for DeLoach's termination was pretextual.

**IV. Conclusion**

Having reviewed this matter, and viewing all submitted evidence, facts, and reasonable inferences in a light most favorable to Plaintiff, the Court finds Plaintiff's case withstands Defendant's Motion for Summary Judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Plaintiff DeLoach has shown there are genuine issues of material fact as to her prima facie case for age discrimination, and has shown inconsistency in Defendant's proffered reasons for her termination, such that a jury could find such reasons pretextual. Accordingly,

the Court DENIES the Motion for Summary Judgment of Defendant Island Dental Company, Inc. (doc. 20). The Court further SETS a Final Pretrial Conference at 9:00 A.M. on February 22, 2006, and the four-day Jury Trial, on-deck, to commence April 4, 2006.

    SO ORDERED.

Dated: December 22, 2005    <u>s/S. Arthur Spiegel</u>

                                        S. Arthur Spiegel
                                        United States Senior District Judge